*In re* PHYFE'S WILL.

(*Surrogate's Court, New York County.* November 19, 1888.)

WILLS—VALIDITY—UNDUE INFLUENCE.
    When the subscribing witnesses to a will and testator's physician testify that
testator was of sound mind at the time of executing the will, and it is not shown

that his mind was enfeebled by physical ailment, and the will was prepared by an experienced attorney, and read to testator before execution, there is no presumption of undue influence, though testator's property is left to his nephew, with whom he was on intimate terms, and who had advised testator, an old man, in his business, instead of to testator's son.

On motion to deny probate of an alleged will of Edward D. Phyfe, deceased.

*Gustavus Baylies*, for proponent.    *Stewart & Sheldon*, for contestant.

RANSOM, S. This matter comes before me on a motion made by contestant's counsel before the assistant to the surrogate, before whom the proceeding is being conducted, to deny probate of the paper offered as the will, on the ground that, under the proofs, the legal presumption arises of undue influence exerted by a nephew, the sole legatee, in the procurement of its execution. The instrument is contested by the guardian of the decedent's son, the only next of kin, upon the usual allegations. It was drafted by an experienced attorney from instructions given by the decedent, and was read to him before execution. The two subscribing witnesses are intelligent men, and their testimony shows that the requirements of the statute were complied with. One had known the decedent for many years, and the other met him on the occasion for the first time. The attorney superintended the execution of the instrument, and he also testified to the facts that transpired when the paper was signed. The physician who attended the decedent for an attack of acute dyspepsia in August, 1888, about the period when the will was made, testified that he was of sound mind. The decedent was an old man, and the nephew appears to have been on very intimate terms with him, and had advised with him in his business affairs. It was he who obtained the presence of the subscribing witnesses. There is nothing shown in the relation of the parties to raise the presumption of undue influence in the procurement of the paper, and the concurrent testimony of all the witnesses is that the decedent was of sound mind, and it is not shown that his temporary physical ailment had enfeebled his mental powers. He lived for nearly two years thereafter. It is not a case where the beneficiary was the attorney, the physician, or the priest of the decedent. He was a nephew, the son of his brother. While it is apparently unnatural that the estate should be diverted by the decedent from his son to his nephew, I see nothing in the evidence to justify the presumption of the domination of the mind of the decedent by the beneficiary.

The motion is denied, and the contestant must sustain his allegations by affirmative proofs.